WO                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV 20-00598-PHX-MTL (ESW) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, | |
| Respondent. | |

On March 24, 2020, Petitioner Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se "Motion for: Habeas Co[rpu]s Motion for Subp[oe]na" (Doc. 1) and a "Motion for: Injunction for Termination of Illegal Prosecution (Habeas Corpus)" (Doc. 2). On March 25, 2020, he filed a Motion to Support Habeas Corpus (Doc. 4). The Court will dismiss the Motion for Habeas Corpus, deny the Motion for Injunction, deny as moot the Motion to Support Habeas Corpus, and dismiss this action.

**I.      Relief Unavailable under 28 U.S.C. § 2254**

Petitioner's state court criminal case discussed in the Petition, Maricopa County Superior Court case #CR-2019-155732, is ongoing.[1] Relief is therefore unavailable pursuant to 28 U.S.C. § 2254, which requires that a person be in custody pursuant to a **judgment** of a state court.

. . . .

---

[1] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2019-155732 (last visited Mar. 26, 2020).

## II. *Younger* Abstention and 28 U.S.C. § 2241

Section 2241, 28 U.S.C., provides an avenue for habeas corpus relief for a pretrial detainee in custody in violation of the Constitution or laws and treaties of the United States. "As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition. *Carden*, 626 F.2d at 84 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id*. at 83-84 (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

Petitioner has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present his claims to the state courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84. This Court, therefore, will abstain from interfering in Petitioner's ongoing state-court criminal proceedings and will dismiss without prejudice the Motion for Habeas Corpus, which includes requests for a subpoena for his criminal case file and for an inmate grievance form he submitted in jail. For the same reason, the Court will deny Petitioner's Motion for Injunction, which seeks "an Injunction to stop the current illegal prosecution of the [Petitioner] . . . ."

Because the Court is dismissing the Motion for Habeas Corpus, the Court will deny as moot the Motion to Support Habeas Corpus.

**IT IS ORDERED:**

(1) Petitioner's "Motion for: Habeas Co[rpu]s Motion for Subp[oe]na" (Doc. 1) and this action are **dismissed without prejudice**.

(2) Petitioner's "Motion for: Injunction for Termination of Illegal Prosecution" (Doc. 2) is **denied without prejudice**.

(3) Petitioner's Motion to Support Habeas Corpus (Doc. 4) is **denied as moot**.

(4) The Clerk of Court must enter judgment accordingly and close this case.

(5) The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) ("a state prisoner who is proceeding under § 2241 must obtain a COA under § 2253(c)(1)(A) in order to challenge process issued by a state court").

Dated this 30th day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge